**519-19/JJW**
Freehill Hogan & Mahar, LLP
*Attorneys for Plaintiff*
*Bouchard Transportation Co., Inc.*
80 Pine Street – 25th Floor
New York, New York 10005
Telephone:  (212) 425-1900
Facsimile:  (212) 425-1901
John J. Walsh, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

BOUCHARD TRANSPORTATION CO., INC.,

Plaintiff,

- against -

LAUREL SHIPPING LLC and GULF OIL LP,

Defendants.

-------------------------------------------------------------x

IN ADMIRALTY

19 Civil _____

**COMPLAINT**

Plaintiff, Bouchard Transportation Co., Inc., ("Bouchard") as and for its Verified Complaint against Defendants Laurel Shipping LLC (Laurel") and Gulf Oil LP ("Gulf Oil"), alleges as follows:

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that involves a claim for the breach of a maritime contract of charter party.  This case falls under the court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333.  Diversity jurisdiction also exists pursuant to 28 U.S.C. §1332, in that this is an action between citizens of two different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

2.     At all material times, Bouchard was and still is a corporation organized under the laws of the State of New York with an office and principal place of business at 58 South Service Road, Melville, New York 11747.

3.     At all material times, Defendant Laurel Shipping LLC was and is a Delaware Corporation with an office and principal place of business at 58 Commerce Road, Stanford, Connecticut 06902-4506.

4.     At all material times, Defendant Gulf Oil LP is and was a Delaware Limited Partnership with an office and place of business at 80 William Street, Suite 400, Wellesley Hills, Massachusetts 02481.

5.     As will be more specifically set forth herein, this suit arises out of an agreement in which Defendants have agreed to the jurisdiction of the United States District Court for the Southern District of New York for any dispute exceeding $500,000. The claim herein exceeds $500,000, as a result of which this Court has personal jurisdiction over the Defendants.

6.     On or about February 6, 2014, Bouchard entered into a maritime contract of time charter party with Gulf Oil for the employment of the following articulated tug/barge units ("ATB's"):  Tug Evening Star and Barge B. No. 250; Tug Morton S. Bouchard, Jr./Barge B. No. 210; Tug Jane A. Bouchard/Barge B. No. 225; Tug Ellen S. Bouchard/Barge B. No. 280.  On or about January 1, 2017, the Charter Party was extended for a period ending March 30, 2020.

7.     On or about January 1, 2017, the Tug Evening Light and the Barge B. No. 264 were substituted for the Tug Evening Star and the Barge B. No. 250.

8.     As of May 1, 2017, the rate of hire for the Evening Light/B. No. 264 was $17,000 per day; for the Morton S. Bouchard, Jr./B. No. 210, it was $20,000 per day; for the Jane A. Bouchard/B. No. 225, it was $21,000 per day; for the Ellen S. Bouchard/B. No. 280, it was $19, 000 per day.

9.     The Charter Party required the charterer to pay hire monthly in advance for each calendar month commencing with the delivery date on a pro-rated basis for the first month and thereafter continuing monthly in advance on the first day of each calendar month.  Any late payments would be subject to interest from the due date of payment at the rate of one-half of one percent per month and the late paying party would be liable for all costs of recovery including reasonable attorneys' fees.

10.     The Charter Party further provided that the master, although appointed by and in the employ of the Owner, and subject to the Owner's direction and control, shall observe the orders of the Charterer in connection with the Charterer's agencies, arrangements and employment of the vessel's services in the Charter.

11.     Bouchard delivered to Gulf Oil the relevant ATBs on or about December 18, 2014, which deliveries were accepted by Gulf Oil LP.

12.     In accordance with the Charter Party, Bouchard furnished to Gulf Oil invoices at least ten days prior to the due date for the payment of hire.

513053.1

13.     On or about December 20, 2018, Defendant Gulf Oil LP entered into an assignment of the Charter Party ("assignment") to Laurel with an effective date of January 14, 2019.   Pursuant to the assignment, Laurel undertook all of Gulf Oil's obligations under the Charter party including the obligation to make the hire payments on the chartered ATB units.

14.     Bouchard Transportation consented to the assignment, but Gulf Oil agreed to guarantee Laurel's performance.  Clause 3 of the assignment states:

> "Consenting Party [Bouchard] hereby consents to the assignment and assumption set forth herein.  Assignor [Gulf Oil] acknowledges and confirms that, notwithstanding such assignment and assumption, pursuant to Article 19 of Time Charter Assignor shall remain responsible for its performance under the Time Charter."

15.     In accordance with the Charter Party, as assigned to Laurel, Bouchard furnished to Laurel invoices at least ten days prior to the due date for the payment of hire.

16.     On or about August 18, 2019, Laurel Shipping wrongfully terminated the Charter Party and has refused to make any further hire payments in breach of its obligations under the Charter Party, as assigned to Laurel, and despite due demand from Bouchard, Laurel  has failed to pay any further hire to Bouchard.

17.     Laurel's cancelation of the Charter and its failure to pay hire constitutes a breach of the Charter which entitles Bouchard to damages at this time.

18.     Upon Laurel's wrongful termination, Bouchard made due demand on Gulf Oil to perform Laurel's obligations, which Gulf Oil had guaranteed in the assignment of the Charter Party, but Gulf failed to pay hire and failed to undertake any of the other

513053.1

obligations under the Charter Party and is in breach of its guarantee to Bouchard as a result of which Bouchard suffered damages.

19.    By virtue of the non-performance/breach of the Charter Party and assignment by Laurel and Gulf Oil, Bouchard has suffered and will suffer damages in excess of $1,000,000.00 and continuing.

20.    Based on the foregoing, Bouchard has a total claim for damages relating to Defendants' breach of the Charter Party in excess of $1,000,000.00.

**WHEREFORE,** Bouchard respectfully demands judgment in its favor and against Defendant Laurel Shipping, LLC and Gulf Oil LP in excess of $1,000,000.00 together with interest, costs and attorneys' fees attempting to recover the amounts owed under this Charter Party and for such other and further and different relief, as this court may deem just and proper.

Dated:  New York, New York
        October 15, 2019

> FREEHILL, HOGAN & MAHAR LLP
> *Attorneys for Plaintiff*
> *Bouchard Transportation Co., Inc.*

By:    _____
       John J. Walsh
       80 Pine Street – 25th Floor
       New York, New York 10005-1750
       Telephone:  (212) 425-1900
       Facsimile:  (212) 425-1901
       Walsh@Freehill.com

513053.1

TO:   Stroock, Stroock & Lavan LLP
       Attorneys for Defendant Laurel Shipping LLC
       180 Maiden Lane
       New York, New York  10038

       Gulf Oil LP
       80 William Street, Suite 400
       Wellesley Hills, Massachusetts 02481

6