UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
Bouchard Transportation Co., Inc.,  : Case No.: 1:19-cv-09559-MKV

    Plaintiff,  : Hon. Mary Kay Vyskocil

    v.

Laurel Shipping LLC and Gulf Oil LP,  : **VERIFIED THIRD-PARTY COMPLAINT IN ADMIRALTY IN REM**

    Defendants.

-------------------------------------------------------X
Laurel Shipping LLC,

    Third-Party Plaintiff,

    v.

M/V ELLEN S. BOUCHARD, IMO No. 8117952, Official No. 644590, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V MORTON S. BOUCHARD Jr., IMO No. 9794680, Official No. 1265315, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V JANE A. BOUCHARD, IMO No. 9269702, Official No. 1139762, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., and M/V EVENING STAR, IMO number 9629768, Official number 1234828, her engines, apparel, furniture, equipment, appurtenances, tackle, etc.,

    Third-Party Defendants.
-------------------------------------------------------X

    Defendant Laurel Shipping LLC ("Laurel"), as and for its Verified Third-Party Complaint In Admiralty In Rem complaining of M/V ELLEN S. BOUCHARD, IMO Number 8117952, Official Number 644590, M/V MORTON S. BOUCHARD JR, IMO Number 9794680, Official Number 1265315, M/V JANE A. BOUCHARD, IMO Number 9269702, Official Number

1139762, and M/V EVENING STAR, IMO Number 9629768, Official Number 1234828 (collectively, the "Vessels"), and the Vessels' engines, apparel, furniture, equipment, appurtenances, tackle, etc., hereby alleges as follows upon information and belief:

## I.

## JURISDICTION AND VENUE

1. This is a civil action arising from the breach of a maritime contract within the admiralty and maritime jurisdiction conferred in Article III, Section 2, of the United States Constitution, pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1333, Rule 9(h) of the FEDERAL RULES OF CIVIL PROCEDURE, and Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Admiralty Rules").

2. Venue is proper under 28 U.S.C. § 1391 because the Vessels presently are or will be situated within the waters over which this Court has jurisdiction during the pendency of the action.[1]

## II.

## PARTIES

3. Laurel is a limited liability company organized under the laws of Delaware with its principal place of business at 58 Commerce Road, Stamford, Connecticut 06902.

4. M/V ELLEN S. BOUCHARD, IMO No. 8117952, Official No. 644590, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., is a vessel registered under the laws of the United States and is currently located in the District of this Court.

---

[1] The Vessels are currently located within the waters of the Eastern District of New York. This Court has concurrent jurisdiction over those waters pursuant to 28 U.S.C. § 112(b) ("The Southern District comprises the counties of Bronx, Dutchess, New York, Orange, Putnam, Rockland, Sullivan, and Westchester and concurrently with the Eastern District, the waters within the Eastern District.").

5. M/V MORTON S. BOUCHARD Jr., IMO No. 9794680, Official No. 1265315, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., is a vessel registered under the laws of the United States and is currently located in the District of this Court.

6. M/V JANE A. BOUCHARD, IMO No. 9269702, Official No. 1139762, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., is a vessel registered under the laws of the United States and is currently located in the District of this Court.

7. M/V EVENING STAR, IMO number 9629768, Official number 1234828, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., is a vessel registered under the laws of the United States and is currently located in the District of this Court.

### III.

### FACTUAL BACKGROUND AND LAUREL'S CLAIMS

8. Laurel alleges that it has a maritime lien against the Vessels for money owing to it for (1) the portion of the August 2019 Hire of the Vessels and (2) the value of bunker inventories of fuel oil and lube oil remaining on board the Vessels, both paid in advance by Laurel.

9. Effective February 6, 2014, Bouchard and Gulf Oil Limited Partnership ("Gulf") entered into a time charter agreement (together with any amendments, addenda or extensions thereto, the "Charter Agreement"), attached hereto as **Exhibit 1**, under which Bouchard agreed to charter and Gulf agreed to accept under the charter the articulated tug and barge unit of the Vessels.

10. On or about December 20, 2018, Bouchard, Laurel and Gulf entered into an Assignment, Assumption and Amendment Agreement (the "Assignment Agreement"), attached hereto as **Exhibit 2**, whereby Gulf assigned and transferred to Laurel, and Laurel accepted, all of Gulf's right, title and interest in, to and under the Charter Agreement, and Laurel assumed all of

Gulf's duties and obligations under the Charter Agreement arising on and after the effective date. Bouchard consented to the assignment and assumption set forth in the Assignment Agreement.

11. Article 1(B) of the Charter Agreement required that the Vessels "upon delivery into the service of Charterer and throughout the period of this Charter shall have all of her certificates, including but not limited to all documents issued by the American Bureau of Shipping and the United States Coast Guard, current and not extended."

12. Pursuant to Article 3(C) ("Charter Hire") of the Charter Agreement, as assigned, Laurel was required to pay Bouchard monthly in advance for the use of the chartered Vessels, and Bouchard was required to refund Laurel for any charter paid in advance but not earned.

13. Pursuant to the Charter Agreement, Laurel paid Bouchard a total of $2,226,500.98 in advance for the Hire of the Vessels from August 1, 2019 through August 31, 2019 (the "August 2019 Hire"). The invoices and payment confirmations for Laurel's payment of the August 2019 Hire are attached hereto as **Exhibit 3**.

14. Article 12(B) ("Performance") of the Charter Agreement provides in relevant part:

> *[Bouchard] warrants that for the duration of this charter the vessel will **be maintained so as to be acceptable to all major oil companies**, refiners and storage facilities under their vetting programs, and shall be so accepted by but not limited to BP, Shell, Sun, Chevron Texaco, Exxon-Mobil, Valero, and Citgo prior to and during the duration of this charter. [Bouchard] to arrange for inspections as and when required, at [Bouchard]'s time and expense. **If during the term of this Charter the Vessel is rejected by a major oil company**, including but not limited to, BP, Shell, Sun, Chevron Texaco, Exxon-Mobil, Valero and Citgo due to deficient or unsafe operating practices and/or equipment, then in such event, if [Laurel] has given [Bouchard] written notice thereof (the "Deficiency Notice"), and **if such deficiency is not rectified within fifteen (15) days after the Deficiency Notice has been given, [Laurel] may thereafter at any time terminate this Charter.***

(emphasis added).

15. Bouchard breached Article 12(B) of the Charter Agreement by failing to maintain the Vessels and/or other Bouchard vessels so as to be acceptable by all major oil companies, refiners and storage facilities. This breach resulted in the Vessels and/or other Bouchard vessels being rejected by major oil companies, refiners or storage facilities under their vetting programs due to deficient or unsafe operating practices and/or equipment, which was not rectified within fifteen days after Laurel provided Bouchard with written notice of such rejections.

16. On August 18, 2019, pursuant to Articles 12(B) and 13 ("Events of Default") of the Charter Agreement, Laurel delivered to Bouchard a written notice of termination (the "Termination Notice"), attached hereto as **Exhibit 4**, notifying Bouchard that the Charter Agreement was terminated effective August 18, 2019.

17. On or about August 30, 2018, Laurel delivered to Bouchard an invoice, attached hereto as **Exhibit 5**, for amounts owed by Bouchard to Laurel under the Charter Agreement, including, but not limited to, $2,181,487.97, plus interest (the "Amount Owed"), owed by Bouchard for: (1) the portion of the August 2019 Hire of the Vessels paid in advance by Laurel and not earned by Bouchard, and (2) the value of bunker inventories of fuel oil and lube oil remaining on board the Vessels after termination.

18. Of the total Amount Owed, the amount attributable to the M/V ELLEN S. BOUCHARD is $428,071.31.

19. Of the total Amount Owed, the amount attributable to the M/V MORTON S. BOUCHARD is $865,316.90.

20. Of the total Amount Owed, the amount attributable to the M/V JANE A. BOUCHARD is $545,686.94.

21.     Of the total Amount Owed, the amount attributable to the M/V EVENING STAR is $342,412.82.

22.     To date, Bouchard has failed to pay Laurel any of the Amount Owed, which is indisputably due and owing to Laurel per the terms of the Charter Agreement.

23.     On October 16, 2019, Bouchard filed this action against Laurel, alleging wrongful termination and breach of the Charter Agreement. On November 25, 2019, Laurel answered and filed its counterclaim, under the Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. § 1333, for breach of the Charter Agreement, seeking the Amount Owed plus interest and attorneys' fees.

24.     Article 13 ("Events of Default") of the Charter Agreement expressly grants Laurel a maritime lien on the Vessels for the Amount Owed:

> *In the event that [Bouchard] fails to perform an obligation under this Charter and fails to remedy or cure such default within thirty (30) days following written notice by [Laurel] to [Bouchard] of such failure ..., or a failure to rectify a deficiency under Article 12(B), then in the time period set out in the relevant article, [Laurel] may on notice to [Bouchard] and without prejudice to any remedy available under law or under this Charter terminate the Charter. [Laurel] may exercise such right of termination at any time after the expiration of the time period provided for in this Article 13 or the time period set out in any other applicable Article by providing written notice of termination to [Bouchard].*
>
> \* \* \* \* \*
>
> *... **[Laurel] shall have a lien on the Vessel for all monies paid in advance and not earned, for the value of fuel in bunkers, for any other amounts that may be due [Laurel] and for all claims for damages arising from any breach by [Bouchard] on this Charter.***

(emphasis added).

25.     Laurel has a maritime lien arising from the breach of the Charter Party. *See Rainbow Line, Inc. v. M/V Tequila*, 480 F.2d 1024, 1027 (2d Cir. 1973) (holding that there is a

maritime lien for the breach of a charter party for any damages sought to be recovered that are of a maritime nature and flow directly from the breach of the charter). Laurel seeks to enforce its maritime lien, pursuant to Rule C of the Supplemental Admiralty Rules, against the Vessels to secure its interest against the Amount Owed.

26. Laurel specifically reserves its right to amend or supplement these pleadings to allege other and further damages as they may become known.

## V.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Laurel Shipping LLC asks the Court to:

A. That according to the practice of this Court in cases of admiralty and maritime jurisdiction, issue against the Vessels, and the Vessels' engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem,* citing them to appear and answer under oath all, and singular, the matters alleged in the Verified Complaint;

B. That a warrant for the arrest of the Vessels be issued and that the Vessels be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the Vessels, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*;

C. That the Vessels, and the Vessels' engines, apparel, furniture, equipment, appurtenances, tackle, etc., *in rem*, after their arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy any judgments owed to Laurel, and that the Court award Laurel out of the proceeds of the said sale, the full amount of its claim, together with late payment charges, pre-judgment interest, post-judgment interest, costs, attorneys' fees, collection fees, *custodia legis* expenses, as well as other fees and disbursements which sums remains outstanding, unpaid, due and owning from the Vessels to Laurel; and

D. That the Court also grant Laurel such other further relief to which it may be justly entitled.

Dated: February 10, 2020
        New York, New York

Respectfully Submitted,

**STROOCK & STROOCK & LAVAN LLP**

By: *Melvin A. Brosterman*
Melvin A. Brosterman
Francis C. Healy
180 Maiden Lane
New York, NY 10038-4982
Telephone: 212-806-5400
mbrosterman@stroock.com
fhealy@stroock.com

*Attorneys for Laurel Shipping LLC*

OF COUNSEL:

**VINSON & ELKINS LLP**

Laurel S. Fensterstock
666 Fifth Avenue, 26th Floor
New York, NY 10103
Telephone: (212) 237-0280
lfensterstock@velaw.com

Phillip B. Dye, Jr.
John J. Michael
Benjamin D. Betner
1001 Fannin Street, Suite 2500
Houston, TX 77002-6760
Telephone: 713-758-2048
Facsimile: 713-615-5766
pdye@velaw.com
jmichael@velaw.com
bbetner@velaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

Bouchard Transportation Co., Inc.,

    Plaintiff,

v.

Laurel Shipping LLC and Gulf Oil LP,

    Defendants.

------------------------------------------------------ X

Laurel Shipping LLC,

    Third-Party Plaintiff,

v.

M/V ELLEN S. BOUCHARD, IMO No. 8117952, Official No. 644590, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V MORTON S. BOUCHARD Jr., IMO No. 9794680, Official No. 1265315, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V JANE A. BOUCHARD, IMO No. 9269702, Official No. 1139762, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., and M/V EVENING STAR, IMO number 9629768, Official number 1234828, her engines, apparel, furniture, equipment, appurtenances, tackle, etc.,

    Third-Party Defendants.

------------------------------------------------------X

Case No.: 1:19-cv-09559-MKV

Hon. Mary Kay Vyskocil

**VERIFIED THIRD-PARTY COMPLAINT IN ADMIRALTY IN REM**

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. §1746, Tim Cannon, declares under the penalty of perjury:

    1.    I am the Head of Operations for Laurel Shipping LLC. I am competent to testify as to the matters covered in this declaration.

9

2. I have read the foregoing Verified Third-Party Complaint In Admiralty In Rem and believe the contents thereof are true.

3. The sources of my information and belief are my personal knowledge of the information contained therein and information contained within Laurel Shipping LLC's files and records.

Dated: February 10, 2020 at Stamford, CT.

Tim Cannon