# STROOCK

Via ECF

May 19, 2020

Francis C. Healy
Direct Dial: 212.806.5596
Fax: 212.806.6006
fhealy@stroock.com

Honorable Mary Kay Vyskocil
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: *Bouchard Transportation Co., Inc. v. Laurel Shipping LLC and Gulf Oil LP* (19-cv-09559 (MKV))

Dear Judge Vyskocil:

I write on behalf of Laurel Shipping LLC ("Laurel") and Gulf Oil LP ("Gulf" and, with Laurel, "Defendants") in response to plaintiff Bouchard Transportation Co., Inc.'s ("Bouchard") letter to the Court, dated May 14, 2020, in the above-captioned litigation (ECF No. 85). Although the deadline for filing a motion to amend pleadings has come and gone, Bouchard requests an additional 30 days to seek leave to amend its Complaint in order to request countersecurity under Rule E(7)(a) of the Supplemental Admiralty Rules. For the reasons set forth below, Bouchard's request should be denied.

As a threshold matter, Bouchard has waived its right to seek leave to amend the Complaint. On February 5, 2020 the Court so-ordered a Case Management Plan and Scheduling Order (ECF No. 35), which mandated that any motions to amend pleadings were due within 30 days of the order, or by March 6, 2020. Now, under the facade of the recently granted discovery extension, Bouchard improperly seeks to revive the March 6, 2020 deadline nearly two and a half months after it had already passed. "Where a scheduling order has been entered, the lenient standard under Rule 15(a), which provides leave to amend 'shall be freely given,' must be balanced against the requirement under Rule 16(b) that the Court's scheduling order 'shall not be modified except upon a showing of good cause.'" *Grochowski v. Phoenix Const.*, 318 F.3d 80, 86 (2d Cir. 2003) (citing Fed.R.Civ.P. 15(a), 16(b)). "A finding of good cause depends on the diligence of the moving party." *Id.* (citing *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000)).

Bouchard's alleged "good cause" is based solely on its claim that it "could not have requested countersecurity until the arrest [of the Vessels at issue in this litigation] had taken place." (ECF

Hon. Mary Kay Vyskocil
May 19, 2020

No. 85).  To the contrary, Bouchard has been on notice of Laurel's impending arrest of the Vessels since well before the March 6, 2020 deadline and, therefore, had more than sufficient time to seek leave to amend its pleading.  Specifically, Bouchard's application comes months after Laurel's January 30, 2020 motion for leave to file a third party complaint against the Vessels (ECF No. 23), Laurel's February 7, 2020 motion for issuance of warrants of arrest for the Vessels (ECF No. 47), and the February 10, 2020 filing of the Third Party Complaint against the Vessels (ECF No. 48), all of which put Bouchard on notice of the arrests prior to the March 6, 2020 deadline.

Bouchard therefore cannot demonstrate that it exercised the requisite diligence under Fed. R. Civ. P. 16, and its belated request is merely a delay tactic.  *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party") (citing *Foman v. Davis,* 371 U.S. 178, 182 (1962)).  Because Bouchard failed to timely move to amend or request an extension of the March 6, 2020 deadline, it has waived its right to do so.

More substantively, Bouchard's application should be denied because it is not entitled to the countersecurity it seeks.  Admiralty Rule E(7)(a) provides:

> When a person who has given security for damages in the original action asserts a counterclaim that arises from the transaction or occurrence that is the subject of the original action, a plaintiff for whose benefit the security has been given must give security for damages demanded in the counterclaim unless the court, for cause shown, directs otherwise.  Proceedings on the original claim must be stayed until this security is given, unless the court directs otherwise.

The plain language of the rule "makes clear that the trial court possesses broad discretion in deciding whether to order countersecurity under such conditions."  *Result Shipping Co. v. Ferruzzi TradingUSA Inc.*, 56 F.3d 394, 399 (2d Cir. 1995).  While it is within the Court's discretion to determine whether countersecurity is warranted, a general principle of admiralty law is that countersecurity is not appropriate if the claim it seeks to secure is "blatantly without merit."  *Voyager Shipholding Corp. v. Hanjin Shipping Co.*, 539 F. Supp. 2d 688, 691 (S.D.N.Y. 2008).  Bouchard's claims in this matter are blatantly without merit because it cannot overcome the unambiguous language of the Charter Agreement.

Bouchard seeks damages resulting from the allegedly improper termination of the Charter Agreement between Laurel and Bouchard.  However, as described in Laurel's Answer to the Complaint and Counterclaim (ECF No. 14, ¶¶ 25–30) and during the pre-trial conference hearing (ECF No. 77), if a major oil company rejects any Bouchard Vessel due to deficient or unsafe operating practices and/or equipment, Laurel is entitled to provide a notice of deficiency, and if the deficiency is not rectified within fifteen days, Laurel may terminate the Charter Agreement.  The language of the Charter Agreement is unambiguous.

Hon. Mary Kay Vyskocil
May 19, 2020

Here, after several of the Vessels were rejected by major oil companies due to unsafe operating practices and/or equipment (ECF No. 14, ¶¶ 33–41), Laurel issued Notices of Deficiency (ECF Nos. 14–1-3). After Bouchard failed to rectify the deficiencies within fifteen days, Laurel issued a Termination Notice (ECF No. 14–5). Laurel complied with the Charter Agreement's express termination procedures and has submitted conclusive, documentary evidence to verify each step it took throughout the process. Bouchard has not provided any evidence to dispute these documents or the express, unambiguous language in the Charter Agreement.

Instead, Bouchard's claim is based entirely on the theory that Laurel's termination of the Charter Agreement was improper because the noticed deficiencies were "correctable and [have] been corrected in the past" (ECF No. 77, pgs. 8:20–9:7). During the pre-trial conference hearing, however, Judge Woods recognized that there is "no factual dispute that the vessel was rejected by a major oil company" and "that the reasons provided related to what the major understood to be deficient or unsafe operating practices." (ECF No. 77, pg. 14:12-17). Judge Woods further noted the unambiguous language of the Charter Agreement and encouraged counsel for Bouchard to further research "the question of whether the Court determines what the meaning of a contract is and whether and to what extent extrinsic evidence is permissible in a situation in which the contract language is unambiguous." (ECF No. 77, pgs. 21:11–22:3). Judge Woods' complete questioning of Bouchard's counsel on these issues further demonstrates that Bouchard's claims are without merit (ECF No. 77, pgs. 3:15–22:9).

Accordingly, Bouchard's application for leave of Court to amend its Complaint to request countersecurity should be denied.

Respectfully submitted,

*/s/ Francis C. Healy*

Francis C. Healy

cc:     All Counsel of Record (via ECF)