UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BOUCHARD TRANSPORTATION CO., INC,<br><br>　　　　　　　Plaintiff,<br><br>　　　　-against-<br><br>LAUREL SHIPPING LLC and GULF OIL LP,<br><br>　　　　　　　Defendants. | 1:19-cv-9559<br><br>ORDER GRANTING<br>SECURITY |
| LAUREL SHIPPING LLC,<br><br>　　　　　　　Third-Party Plaintiff,<br><br>　　　　-against-<br><br>M/V ELLEN S. BOUCHARD, IMO No. 8117952, Official No. 644590, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V MORTON S. BOUCHARD JR., IMO No. 9794680, Official No. 1265315, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V JANE A. BOUCHARD, IMO No. 9269702, Official No. 1139762, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V EVENING STAR, IMO No. 9629768, Official No. 1234828, her engines, apparel, furniture, equipment, appurtenances, tackle, etc.,<br><br>　　　　　　　Third-Party Defendants. | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 6/1/2020 |

MARY KAY VYSKOCIL, United States District Judge:

　　　　A case management plan for this case was filed on February 5, 2020 [ECF No. 35]. On February 7, 2020, the Court granted Defendant Laurel Shipping LLC ("Laurel") leave to file [ECF No. 36], and subsequently Laurel did file [ECF No. 41], a Third-Party Complaint *in rem* against four vessels owned by Plaintiff Bouchard Transportation Co., Inc. ("Bouchard") in connection with the disputed contract between Laurel and Bouchard. Also on February 7, 2020, Laurel moved for the issuance of Warrants of Arrest for the four vessels [ECF No. 47]. The motion was granted on February 14, 2020 [ECF No. 61], but due to delays in service two vessels

were not arrested until May 1, 2020 [ECF No. 81 and ECF No. 82], one was arrested on May 21, 2020 [ECF No. 90], and one of the four still has not been arrested.

On May 14, 2020 Bouchard filed a Letter Motion for Extension of Time to Amend [ECF No. 85]. The parties dispute whether amendment is appropriate, since the original civil case management plan ordered that any motions to amend the pleadings were due by March 6, 2020. The purpose of amendment, according to Bouchard, is to seek countersecurity under the Federal Rules of Civil Procedure Supplemental Admiralty Rule E(7) for the vessels that Laurel has arrested in its Third-Party Complaint. *See* ECF No. 85 at 2. Laurel opposes Bouchard's motion for leave to amend as untimely and its request for countersecurity as inappropriate on the ground that Bouchard's contract claims are purportedly meritless [ECF No. 86].

The purpose of Admiralty Rule E(7) is "to place the parties on an equality as regards security." *Result Shipping Co., Ltd. v. Ferruzzi Trading USA. Inc.*, 56 F.3d 394, 399 (2d Cir.1995) (internal quotation omitted). While the decision to award countersecurity is discretionary, both the text of the rule and its interpretation in this district counsel that countersecurity should be awarded so long as all claims arise from the "same transaction or occurrence" and are not completely meritless. *See DSND Subsea AS v. Oceanografia, S.A. de CV*, 569 F. Supp. 2d 339, 349 (S.D.N.Y. 2008) (Sullivan); *Voyager Shipholding Corp. v. Hanjin Shipping Co.*, 539 F. Supp. 2d 688 (S.D.N.Y. 2008) (Lynch).

Laurel suggests that Bouchard should be denied counterscurity because its request to amend comes well after the March 6, 2020 deadline established in the original case management plan and is therefore untimely. *See*, ECF No. 86 at 1–2. Requests for countersecurity are regularly brought on by motion, see, *e.g.*, *DSND Subsea*, 569 F. Supp. 2d 339; *Voyager Shipholding*, 539 F. Supp. 2d. 688, although it is not clear that amendment of the claim or

counterclaim is required. To the extent Bouchard's clear request for countersecurity is insufficient and amendment is required, the Court finds that Bouchard has demonstrated good cause to amend its pleadings, notwithstanding the earlier deadline to seek leave to amend. The vessels for which Bouchard now seeks countersecurity were not arrested until May 1, 2020 at the earliest. While Bouchard may have been "on notice" (ECF No. 86 at 2) of Laurel's desire to arrest these vessels, any motion to amend prior to May 1 would have been purely hypothetical and therefore inappropriate. As it stands, Bouchard's May 14, 2020 Letter Motion came within two weeks of the arrest of the first vessel, which is contrary to any claim of a "delay tactic". *Id.* Accordingly, it is hereby ORDERED that Bouchard may amend its pleadings accordingly no later than **June 15, 2020**. Should the last vessel named in Laurel's Third-Party Complaint subsequently be arrested, Bouchard promptly may file a motion for countersecurity.

As to Bouchard's ultimate entitlement to countersecurity, Laurel's only objection is that the claim Bouchard seeks to secure is "fundamentally without merit." ECF No. 86 at 2–3 (quoting *Voyager Shipholding Corp.*, 539 F. Supp. 2d at 691). The merit bar, however, is extremely low, and satisfied by claims that are "well-pleaded and based on plausible if debatable legal theories." *Voyager Shipholding Corp.*, 539 F. Supp. 2d at 691. Bouchard has met this bar here. Accordingly, it is ORDERED that the parties should meet and confer to discuss an appropriate amount for countersecurity. IT IS FURTHER ORDERED that no later than **June 22, 2020**, the parties should file a joint letter of no more than three pages informing the Court of the agreed upon amount or setting forth the amount proposed by each party and the basis for its proposal.

**SO ORDERED.**

Date: June 1, 2020
New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**