**Exhibit**

**A**

Case No. 1:19-cv-09559

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOUCHARD TRANSPORTATION CO., INC., | § §   Case NO. 1:19-cv-09559-MKV<br>§<br>§ |
| **Plaintiff,** | §   **Honorable Judge Mary Kay Vyskocil**<br>§ |
| VERSUS | §   **VERIFIED COMPLAINT IN**<br>§   **INTERVENTION BY WELLS FARGO** |
| LAUREL SHIPPING LLC and GULF OIL LP, | §   **BANK, N.A.**<br>§<br>§ |
| **Defendants.** | §<br>§<br>§<br>§ |

Intervening Third-Party Plaintiff Wells Fargo Bank, N.A. ("Wells Fargo") files this Complaint in Intervention pursuant to Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure and shows the following:

### I.      JURISDICTION, VENUE, AND PARTIES

1.      This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Supplemental Admiralty Rule C of the Federal Rules of Civil Procedure.

2.      Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333 and 46 U.S.C. § 31325(c), and venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.      At all material times, Wells Fargo was and is a national banking association.

4.      The M/V Jane A. Bouchard (Official Number 1139762 and IMO Number 9269702) is a vessel registered under the flag of the United States, is presently under arrest in this District, and is within the jurisdiction of this Honorable Court.

5.       The M/V Evening Star (Official Number 1234828 and IMO Number 9629768) is a vessel registered under the flag of the United States, is presently under arrest in this District, and is within the jurisdiction of this Honorable Court.

6.       Bouchard Transportation Co., Inc. ("Bouchard"), is a corporation organized under the laws of the State of New York with its principal place of business located at 58 South Service Road, Suite 150, Melville, New York 11747. By virtue of filing the Complaint on October 6, 2019, Bouchard consented to personal jurisdiction before this Court, and may be served through its attorney of record.

## II.       BACKGROUND FACTS

7.       On October 30, 2013, Bouchard as borrower and Wells Fargo as lender, entered into a senior secured revolving loan agreement (the "Loan Agreement"), where Wells Fargo agreed to and did make senior secured revolving loans to Bouchard in the principal amount of $100,000,000.00 (the "Loan") on the terms and conditions set out in the Loan Agreement. Ex. 1, Loan Agreement.

8.       Also on October 13, 2013, the owners of various vessels (the "Original Guarantors"), each of which is a subsidiary of Bouchard, entered into a Guaranty in favor of Wells Fargo.  Pursuant to the terms of the Guarantee, the Original Guarantors guaranteed payment to Wells Fargo of all amounts due and owing under the Loan Agreement. Ex. 2, the Guaranty.

9.       Included among the Original Guarantors were Tug Jane A. Bouchard Corp. (the "Jane Owner") and Tug Evening Star Corp. (the "Evening Star Owner")—the owners of the M/V Jane A. Bouchard and the M/V Evening Star, respectively.

10.    Also on October 30, 2013, the Jane Owner entered into a first preferred ship mortgage[1] (the "Jane Mortgage") covering the M/V Jane A. Bouchard, securing the Loan, and executed by the Jane Owner in favor of Wells Fargo as mortgagee. Ex. 3, the Jane Mortgage.

11.    The Jane Mortgage was recorded with the U.S. Coast Guard's National Vessel Documentation Center on October 31, 2013, as a preferred mortgage in the amount of $100,000,000.00. Ex. 4, U.S. Coast Guard Documentation of the Jane Mortgage.

12.    Article 4 of the Jane Mortgage entitles Wells Fargo to exercise certain rights and remedies, including "all of the rights, privileges and remedies of foreclosure," upon the occurrence of an Event of Default, as defined in Article 3 of the Jane Mortgage, which includes the occurrence of any "Event of Default" as defined in the Loan Agreement.

13.    The Jane Mortgage constitutes a valid and perfected preferred mortgage on the M/V Jane A. Bouchard within the meaning of 46 U.S.C. § 31301 *et seq.*

14.    Also on October 30, 2013, the Evening Star Owner entered into a first preferred ship mortgage (the "Evening Star Mortgage") covering the M/V Evening Star, securing the Loan, and executed by the Evening Star Owner in favor of Wells Fargo as mortgagee. Ex. 5, the Evening Star Mortgage.

15.    The Evening Star Mortgage was recorded with the U.S. Coast Guard's National Vessel Documentation Center on October 31, 2013, as a preferred mortgage in the amount of $100,000,000.00. Ex. 6, U.S. Coast Guard Documentation of the Evening Star Mortgage.

---

[1] The term "mortgage" includes the amendments to the Mortgage, defined below, as appropriate.

16.     Article 4 of the Evening Star Mortgage entitles Wells Fargo to exercise certain rights and remedies, including "all of the rights, privileges and remedies of foreclosure," upon the occurrence of an Event of Default, as defined in Article 3 of the Evening Star Mortgage, which includes the occurrence of any "Event of Default" as defined in the Loan Agreement.

17.     The Evening Star Mortgage constitutes a valid and perfected preferred mortgage on the M/V Evening Star within the meaning of 46 U.S.C. § 31301 *et seq.*

18.     The owners of the M/V Ellen S. Bouchard and the M/V Morton S. Bouchard, Jr. are not guarantors under the Loan Agreement and Wells Fargo does not hold a preferred mortgage on either vessel.

19.     In connection with the loans made under the Loan Agreement, Bouchard executed a promissory note (the "Note"), dated October 30, 2013, payable to Wells Fargo.  In the event of any event of default as established under the Loan Agreement, the entire unpaid principal and outstanding interest on the Note would be due and payable upon written notice to Bouchard. Ex. 7, the Note.

20.     On February 4, 2015, Bouchard, the Jane Owner, the Evening Star Owner, and Wells Fargo, *inter alia*, entered into a First Amendment to Loan Agreement, Note, and Guaranty (the "First Amendment").  Among other things, the First Amendment increased the maximum amount of the Loan to $165,000,000.00 and added additional guarantors to the Loan. Ex. 8, the First Amendment.

21.     Amendments to the Jane Mortgage and the Evening Star Mortgage were recorded with the U.S. Coast Guard's National Vessel Documentation Center on February 5, 2015, as preferred mortgages in the amount of $165,000,000.00. Ex. 9, Abstract of Title for the Jane Mortgage; Ex. 10, Abstract of Title for the Evening Star Mortgage.

22.     On October 30, 2018, the Jane Owner, the Evening Star Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Second Amendment to the Loan Agreement, Note and Guaranty (the "Second Amendment"). Ex. 11, the Second Amendment.

23.     On April 28, 2019, the Jane Owner, the Evening Star Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Third Amendment to the Loan Agreement (the "Third Amendment").  Among other things, the Third Amendment decreased the maximum amount of the Loan to $163,250,000.00. Ex. 12, the Third Amendment.

24.     On November 5, 2019, the Jane Owner, the Evening Star Owner, Bouchard, and Wells Fargo, *inter alia*, entered into a Fourth Amendment, Forbearance, Waiver and Joinder to Loan Agreement (the "Fourth Amendment").  Among other things, the Fourth Amendment extended the maturity date of the Loan to February 7, 2020. Ex. 13, the Fourth Amendment.

25.     The Loan matured on February 7, 2020, but has not been repaid in full.

26.     Bouchard has failed to fulfill its obligations under the Loan Agreement, the First Amendment, the Second Amendment, the Third Amendment, and the Fourth Amendment by failing to repay the Loan when it matured on February 7, 2020, and is currently in default.

27.     On February 11, 2020, Wells Fargo sent Bouchard, the Jane Owner, and the Evening Star Owner, *inter alia*, a notice that an Event of Default had occurred and demand for immediate payment of all obligations.  Ex. 14, the Notice and Demand.

28.     Despite the Loan having matured on February 7, 2020, and despite due demand, the Jane Owner and the Evening Star Owner have failed to make payment on the Guaranty, as amended by the First Amendment, the Second Amendment, the Third Amendment, and the Fourth Amendment, or as required by the Jane Mortgage and the Evening Star Mortgage.

29.     As of June 5, 2020 US$166,333,132.99 is due and owing under the Loan

Agreement, as amended, the Guaranty, as amended, the Jane Mortgage, and the Evening Star

Mortgage, consisting of US$163,100,000.00 of unpaid principal, US$2,099,452.43 of interest due

under the Loan, and US$1,133,680.56 of default interest.

### III.     FORECLOSURE OF PREFERRED SHIP MORTGAGE

30.     Wells Fargo sues the M/V Jane A. Bouchard and the M/V Evening Star

(collectively, the "Vessels"), their engines, tackle, auxiliary vessels, equipment, furniture, rigging,

appurtenances, etc., *in rem* and repeats and realleges by reference the allegations contained in

paragraphs 1–29 as if specifically set forth herein.

31.     In consideration of the Loan, the Jane Owner and the Evening Star Owner became

guarantors of Bouchard's debt to Wells Fargo in the amount of US$100,000,000, which was later

adjusted by the Third Amendment to $163,250,000.  The Loan is secured by the Jane Mortgage

and the Evening Star Mortgage, which name Wells Fargo as the mortgagee.  The Jane Mortgage

and the Evening Star Mortgage were duly and validly executed on October 30, 2013 and amended

February 4, 2015.

32.     The Jane Owner has failed to perform its obligations under the Guaranty, as

amended, and the Jane Mortgage, and it is therefore in default for failure to pay the Loan upon its

maturity on February 7, 2020.

33.     The Evening Star Owner has failed to perform its obligations under the Guaranty,

as amended, and the Evening Star Mortgage, and it is therefore in default for failure to pay the

Loan upon its maturity on February 7, 2020.

34.     The Jane Owner and the Evening Star Owner are presently in default under the

terms of the Guaranty, as amended, the Jane Mortgage and the Evening Star Mortgage.

35.     As a result of the aforesaid defaults under the Guaranty, as amended, the Jane Mortgage and the Evening Star Mortgage, Wells Fargo is entitled to assert and foreclose its preferred mortgage liens on the Vessels.

36.     Prior to commencement of this action, all acts and things required to be done were accomplished in order to constitute the Jane Mortgage and the Evening Star Mortgage as preferred ship mortgages within the meaning of 46 U.S.C. § 31301 *et seq*.

### IV.     JUDGMENT AGAINST BOUCHARD

37.     Wells Fargo sues Bouchard, *in personam*, and repeats and realleges by reference the allegations contained in paragraphs 1–36 as if specifically set forth herein.

38.     As a result of Bouchard's defaults and obligations under the Loan Agreement, as amended, the Note, and any other agreements related thereto, Wells Fargo is entitled to judgment against Bouchard in the amount of US$163,100,000.00 of unpaid principal plus, as of June 5, 2020, US$2,099,452.43 of interest due under the Loan and US$1,133,680.56 of default interest.

### V.     PRAYER

WHEREFORE, Intervening Plaintiff Wells Fargo prays:

That process of arrest, in due form of law, according to the course and practice of this Honorable Court in causes of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, may issue against the Vessels and their engines, tackle, apparel, etc., and all other necessaries and equipment belonging and appurtenant thereto, as provided in Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims, and that all persons claiming any interest in the Vessel may be cited to appear and answer the matters aforesaid, and that the Vessels, their engines, tackle, apparel, etc., and all other necessaries belonging and appurtenant thereto, may be seized, condemned and sold to pay the demands and claims aforesaid, with interest, costs and attorneys' fees and to pay any other amounts advanced

by Wells Fargo or required to be paid by the Jane Owner, the Evening Star Owner, or Bouchard to Wells Fargo under the Guaranty, as amended, the Jane Mortgage, the Evening Star Mortgage, and any other agreements related thereto, together with interest, costs and attorneys' fees, and that Wells Fargo may have such other and further relief as in law and justice it may be entitled to receive;

That the Jane Mortgage and the Evening Star Mortgage executed by the Jane Owner and the Evening Star Owner, respectively, may be declared to be valid and subsisting liens upon the Vessels, their engines, tackle, apparel, etc., and all other equipment and necessaries belonging and appurtenant thereto, which to the extent permitted by applicable law is prior and superior to the interest, liens or claims of any and all persons, firms or corporations whatsoever;

That judgment be issued against Bouchard, *in personam*, in the full amount due under the Loan Agreement, as amended, the Note, and any other agreements related thereto plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Bouchard; and

That judgment be issued against the Vessels, *in rem*, in the full amount due under the Guaranty, as amended, the Jane Mortgage, the Evening Star Mortgage, and any other agreements related thereto at the time the warrant of arrest is issued, plus interest, charges, costs and attorneys' fees, as well as any and all other amounts required to be paid by Bouchard, the Jane Owner, or the Evening Star Owner to Wells Fargo under the Guaranty, as amended, the Jane Mortgage, the Evening Star Mortgage, and any other agreements related thereto with interest and costs and further, that Wells Fargo reserves its right to proceed against Bouchard, the Jane Owner, the Evening Star Owner, and any other party to the Loan Agreement or any guaranty for any deficiency that may remain due after applying the available proceeds of the sale of the Vessels to the judgment

- 9 -

herein, and that Wells Fargo have such other and further relief as in law and justice it may be

entitled to recover.

Respectfully submitted,

/s/    *Jane Freeberg  Sarma*
Jane Freeberg Sarma
Alice D. Colarossi
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
jsarma@reedsmith.com
acolarossi@reedsmith.com

ATTORNEYS FOR INTERVENOR,
WELLS FARGO BANK, N.A.

*Of Counsel*

J. James Cooper (TX Bar No. 04780010)
Michael B. Taylor (TX Bar No. 24102560)
J. Keely Dulaney (TX Bar No. 24116306)
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
jcooper@reedsmith.com
btaylor@reedsmith.com
kdulaney@reedsmith.com
*Pro hac vice applications forthcoming*