519-19/JJW
Freehill Hogan & Mahar, LLP
*Attorneys for Plaintiff*
*Bouchard Transportation Co., Inc.*
80 Pine Street – 25th Floor
New York, New York 10005
Telephone: (212) 425-1900
Facsimile: (212) 425-1901
John J. Walsh, Esq.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x

BOUCHARD TRANSPORTATION CO., INC.,

            Plaintiff,

    - against -

LAUREL SHIPPING LLC and GULF OIL LP,

            Defendants.

---------------------------------------------------------------------x

LAUREL SHIPPING LLC,

            Third-Party Plaintiff,

    -against-

M/V ELLEN S. BOUCHARD, IMO No. 8117952, Official No. 644590, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V MORTON S. BOUCHARD Jr., IMO No. 9794680, Official No. 1265315, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., M/V JANE A. BOUCHARD, IMO No. 9269702, Official No. 1139762, her engines, apparel, furniture, equipment, appurtenances, tackle, etc., and M/V EVENING STAR, IMO number 9629768, Official number 1234828, her engines, apparel, furniture, equipment, appurtenances, tackle, etc.,

            Third-Party Defendants.

---------------------------------------------------------------------x

IN ADMIRALTY

19 Civil 9559-AJN

527001.1

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO MOTIONS TO INTERVENE BY WELLS FARGO BANK AND BILLYBEY MARINA**

This case concerns a dispute between Bouchard Transportation Co., Inc. ("Bouchard") and Laurel Shipping LLC ("Laurel") over a time charter party originally entered into by Bouchard with Gulf Oil LP ("Gulf") and then assigned to Laurel.

On or about February 6, 2014, Bouchard and Gulf Oil entered into a Time Charter Agreement under which Bouchard agreed to charter and Gulf agreed to accept under the charter the articulated tug and barge (ATB's) units of four ATB's, the tugs being the ELLEN S. BOUCHARD, MORTON S. BOUCHARD, JR., JANE A. BOUCHARD and EVENING STAR with their articulated barges for the transportation of petroleum products.

On or about December 20, 2018, Bouchard, Laurel and Gulf entered into an assignment, assumption and amendment agreement in which Gulf assigned to Laurel and Laurel accepted all of Gulf's rights in the charter and Laurel assumed all of Gulf's duties and obligations under the charter. Bouchard consented to the assignment and assumption, but obtained Gulf's agreement to guarantee Laurel's performance.

Laurel purported to cancel the charter on or about August 18, 2019. Bouchard claimed that hire for the remaining time in the charter was due and Laurel claimed that the pre-payment of the August, 2019 hire should be returned and that Laurel should be paid for fuel oil provided to the vessels.

Bouchard commenced this action in this court for unpaid hire pursuant to a forum selection clause in the charter party. Laurel answered the Complaint and asserted its counter-claim for recovery of prepaid august hire and pleaded in a Third Party Complaint to this court for the arrest of four vessels, the JANE A. BOUCHARD, the EVENING STAR, the ELLEN S.

BOUCHARD and the MORTON S. BOUCHARD, JR. A Case Management Order was submitted and written discovery commenced.

In the meantime, the court authorized the clerk to issue a warrant of arrest which was served on or about May 1, 2020 by a private process server due to the unavailability of Marshals. The EVENING STAR and the ELLEN S. BOUCHARD were arrested on May 1, 2020 and the JANE A. BOUCHARD was arrested later.

Bouchard and Laurel entered into settlement negotiations and have reached a settlement, wherein the JANE A. BOUCHARD has already been released from arrest; Bouchard has paid $400,000.00 to Laurel and agrees to pay Laurel $500,000.00 on or about June 30, 2020 and $450,000 by July 31, 2020.

As security for the installment payments, Bouchard has allowed Laurel to keep the ELLEN S. BOUCHARD under arrest and maintain Laurel's liens on the EVENING STAR, MORTON S. BOUCHARD, JR. and JANE A. BOUCHARD. Once the settlement performance is completed by July 31, 2020, the liens on all of the vessels under the Charter will be released.

Wells Fargo finances part of the Bouchard fleet with an approximate $165 million mortgage outstanding. Wells Fargo maintains ship mortgages on the Tug EVENING STAR and the JANE A. BOUCHARD but not the other two vessels. Tug EVENING STAR is being released under the settlement agreement. Tug JANE A. BOUCHARD has already been released from arrest. Wells Fargo is attempting to foreclose on the collateralized vessels, but cannot intervene on the JANE A. BOUCHARD arrest, as that vessel is no longer under arrest. Similarly, since the EVENING STAR will be released on execution of the settlement agreement, there is no sense in intervening in this action. The entire matter is likely to be concluded at the end of July, 2020 when an Order of Dismissal will be entered on the docket.

"Intervention is a procedural device that attempts to accommodate two competing policies: efficiently administrating legal disputes by resolving all related issues in one lawsuit, on the one hand, and keeping a single lawsuit from becoming unnecessarily complex, unwieldy or prolonged, on the other hand." *Harris-Clemons v. Charly Trademarks, Ltd.*, 642 F. App'x 17, 21 (2d Cir. 2016) citing *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994); *United States v. Pitney Bowes, Inc.*, 25 F.3d 66, 69 (2d Cir. 1994).

Fed. R. Civ. P. 24(a) provides:

> (a) Intervention of Right. Upon *timely* application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

See *United States v. Yonkers Bd. of Educ.*, 801 F.2d 593, 594 n.2 (2d Cir. 1986).

Courts examine four factors in determining the right to intervene. The Intervenor must: "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." *In re Bank of N.Y. Derivative Litig.*, 320 F.3d 291, 300 (2d Cir. 2003). "Failure to satisfy any one of these [four] requirements is a sufficient ground to deny the application." *Id.* See *Harris-Clemons v. Charly Trademarks, Ltd.*, 642 F. App'x 17, 21 (2d Cir. 2016).

1. **Timeliness**

"Among the most important factors in a timeliness decision is the length of time the applicant knew or should have known of its interest before making the motion." *Rothstein v. Am.*

*Int'l Grp., Inc.*, 837 F.3d 195, 205 (2d Cir. 2016) (quoting *Catanzano by Catanzano v. Wing*, 103 F.3d 223, 232 (2d Cir. 1996).

Wells Fargo counsel states in their Memorandum of Law:

> "Wells Fargo counsel only learned of the arrest of the JANE A. BOUCHARD within the past few days.  As the Vessels were only recently arrested, (Dkt Nos. 82 and 90), there is no intervention deadline in the case, and no sale orders issued with respect to the Vessels, Wells Fargo's request to intervene is timely."

Docket Entry 95 at 3.  This statement is more significant for what it does not say than for what it says.  This matter has been in suit since October 2019.  It strains credulity for a bank which has loaned its client $165,000,000.00 not to know about this action, especially since it began as an attempt to recover hire.  Wells Fargo is not saying to this court that their first notice of this action was when the vessels were arrested.  Wells Fargo is saying that it was the first notice of the arrest of the vessels, as it was for everyone else.  One cannot provide the notice of arrest that has not happened.  In the meantime, this action has progressed with some discovery completed and a settlement agreement reached.

**2.   Impairment of Interest by the Disposition of the Action.**

Neither Wells Fargo nor Billybey Marina will be impaired by the settlement.  No judicial sale will occur.  The vessels on which they claim liens either are or will be released from arrest.  They will be free to arrest the vessels with no effect as a result of this settlement.

The dispute between Bouchard and Laurel concerned the obligations under a charter party.  The dispute between Bouchard and Wells Fargo concern the obligations under a loan agreement with multiple amendments.  The dispute between Bouchard and Billybey concerns dockage and wharfage agreements.   None of the facts in these disputes intersect with each other.  There is no common question of law or fact. The purpose of the rule allowing intervention is to

5

527001.1

prevent a multiplicity of suits where common questions of law or fact are involved. *Reich v. Webb*, 336 F.2d 153, 160 (9th Cir. 1964), *cert. denied*, 380 U.S. 915, 85 S. Ct. 890, 13 L. Ed. 2d 800 (1965).

Their intervention would require a whole new Case Management Order, new Rule 26 (a) disclosures and potential discovery disputes having nothing to do with the original case. The rule is not intended to allow for the creation of whole new suits by intervenors. *See Sierra Club v. United States Army Corps of Eng'rs*, 709 F.2d 175, 176-77 (2d Cir. 1983) (per curiam); *Rios v. Enterprise Ass'n Steamfitters, Local 638*, 520 F.2d 352, 358 (2d Cir. 1975); *Stein v. Wirtz*, 366 F.2d 188, 189 (10th Cir. 1966), *cert. denied*, 386 U.S. 996, 87 S. Ct. 1316, 18 L. Ed. 2d 344 (1967).

Conversely, "an interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." *St. John's Univ., New York*, 450 Fed.Appx. at 83 (internal quotations omitted). *Parris v. Fremont Inv. & Loan*, No. 14-cv-06907 (KAM)(RER), 2017 U.S. Dist. LEXIS 142279, at *7 (E.D.N.Y. Aug. 31, 2017).   The subject matters of the claims by Wells Fargo and Billybey are remote from the controversy between Bouchard and Laurel.

The courts retain discretion to determine when intervention is appropriate. *Hooker Chemicals*, 749 F.2d at 983; *see also Oneida Indian Nation of Wisconsin v. New York*, 102 F.R.D. 445, 449 (N.D.N.Y. 1983) (intervention denied where it "may promote judicial economy . . . but at the expense of rendering the single lawsuit more complex and protracted"). *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 97 (2d Cir. 1990). "Intervention cannot be used as a means to inject collateral issues into an existing action. *Id.*

527001.1

### 3. Intervenors' Interests Did Not Need Protection.

"[I]ntervention as of right requires a showing that disposition of the proceeding without the involvement of the putative intervenor would impair the intervenor's ability to protect its interest." *Wash. Elec. Coop., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 922 F.2d 92, 98 (2d Cir. 1990). While Wells Fargo does have a lien on two vessels on which Laurel retains a lien pending completion of the settlement agreement, the settlement does not affect any of Wells Fargo's rights. The JANE A. BOUCHARD has already been released from arrest and the EVENING STAR will be released from arrest upon execution of the settlement agreement. Wells Fargo does not have any lien on the vessel that will remain under arrest pending completion of the settlement agreement, namely, the ELLEN S. BOUCHARD. No vessel will be sold in a judicial sale. Wells Fargo will be free to arrest those vessels on its own, at a time may be convenient to Wells Fargo.

Similarly, Billybey's interest in the arrested vessels will not be affected by the settlement agreement, as there will be no judicial sale. Billybey will be free to arrest whatever vessels it wants at a time convenient to Billybey.

### 4. Permissive Intervention

When evaluating a motion to intervene, a district court "considers substantially the same factors whether the claim for intervention is 'of right' under Fed. R. Civ. P. 24(a)(2), or 'permissive' under Fed. R. Civ. P. 24(b)(2)." *Harris-Clemons v. Charly Trademarks, Ltd.*, 642 F. App'x 17, 21 (2d Cir. 2016) quoting *R Best Produce, Inc. v. Shuman-Rabin Mktg. Corp.*, 467 F.3d 238, 240 (2d Cir. 2006).

Reversal of a denial of permissive intervention is only appropriate where the district court exceeds its broad discretion. *Nat. Res. Def. Council, Inc. v. N.Y. State Dep't of Envtl.*

*Conservation*, 834 F.2d 60, 62 (2d Cir. 1987) ("[T]here can be no serious contention that the District Judge exceeded his broad discretion in declining to permit permissive intervention under Rule 24(b).")  Like the proposed intervention in *Washington Electric*, "permissive intervention would unduly complicate and further delay the litigation." *Wash. Elec. Coop.,* 922 F.2d at 98.

Society has an interest in ending disputes.  The dispute between Bouchard and Laurel Shipping has ended and it makes no sense to continue this case, when the purported intervenors' rights are not being affected at all and their rights can be enforced in other actions.

Dated:  New York, New York
        June 15, 2020

FREEHILL, HOGAN & MAHAR LLP
*Attorneys for Plaintiff*
*Bouchard Transportation Co., Inc*.

By: _____
John J. Walsh
80 Pine Street – 25th Floor
New York, New York 10005-1750
Telephone:  (212) 425-1900
Facsimile:  (212) 425-1901
Walsh@Freehill.com

TO:    Jane Freeberg Sarma, Esq.
        Reed Smith LLP
        *Attorneys for Wells Fargo Bank*
        599 Lexington Avenue, 22nd Floor
        New York, NY  10022

        J. James Cooper, Esq.
        Michael B. Taylor, Esq.
        J. Keely Dulaney, Esq.
        Reed Smith LLP
        *Attorneys for Wells Fargo Bank*
        811 Main Street, Suite 1700
        Houston, Texas 77002

527001.1

Christopher Raleigh, Esq.
Cozen & O'Connor, PC
*Attorneys for Billybey Marina*
45 Broadway, 16th Floor
New York, New York 10006

Melvin A. Brosterman, Esq.
Francis C. Healy, Esq.
Stroock, Stroock & Lavan LLP
*Attorneys for Defendant Laurel Shipping LLC*
180 Maiden Lane
New York, New York  10038

Of Counsel:
Laurel S. Fensterstock, Esq.
Vinson & Elkins LLP
666 Fifth Avenue, 26th Floor
New York, New York  10103

Phillip B. Dye, Jr., Esq.
John J. Michael, Esq.
Benjamin D. Betner, Esq.
Vinson & Elkins LLP
1001 Fannin Street, Suite 2500
Houston, TX  77002-6760

Daria D. Anichkova, Esq.
Shearman & Sterling LLP (NY)
599 Lexington Avenue
New York, NY  10022

527001.1